IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARIA LOVELL, ET AL., | ) | CIVIL NO. 09-00146 ACK-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED AIRLINES, INC., ET | ) | |
| AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFFS' MOTION FOR REMAND TO STATE COURT**

Before this Court is Plaintiffs' Maria Lovell

("Lovell") and Kimberly Sullivan ("Sullivan") (collectively,

"Plaintiffs") Motion for Remand to State Court ("Motion"), filed

on April 8, 2009.  Defendants United Airlines, Inc. ("UAL"),

Jacquelyn Shook ("Shook"), and Bernadette Erwin ("Erwin")

(collectively, "Defendants") filed a memorandum in opposition on

April 24, 2009, and Plaintiffs filed their reply on May 5, 2009.

Pursuant to this Court's order, Defendants filed a surreply on

June 3, 2009.  The Court finds this matter suitable for

disposition without a hearing pursuant to Rule LR7.2(d)of the

Local Rules of Practice of the United States District Court for

the District of Hawai'i.  Upon careful consideration of the

Motion and supporting and opposing memoranda, and relevant legal

authority, this Court HEREBY FINDS and RECOMMENDS that

Plaintiffs' Motion be DENIED for the reasons set forth below.

**Background**

Plaintiffs Lovell and Sullivan were former reservation and sales representatives at Defendant UAL's reservation center located in Honolulu, Hawaii.  [Complaint at ¶¶ 3-4.]  Defendants Shook and Erwin were supervisory employees with UAL.  [Id. at ¶¶ 7-8.]  Both Lovell and Sullivan experienced physical disabilities that required them to work a modified work schedule.  [Id. at ¶¶ 13, 29.]  On or about April 1, 2003, UAL began enforcing a "formal policy and practice that required all part-time employees to work at least thirty (30) hours and five (5) days per week . . . ."  [Id. at ¶ 14.]  Plaintiffs Lovell and Sullivan allege that they were either terminated or forced to resign because they could not work the minimum work schedule enforced by UAL.  [Id. at ¶¶ 15-16, 30-31.]

On March 18, 2009, Plaintiffs filed suit against Defendants in the state circuit court, alleging that Defendants discriminated against them on the basis of their disability in violation of Hawaii law by not permitting them to work reduced schedules.  Plaintiffs allege that UAL's enforcement of its minimum work schedule violated Hawaii Revised Statutes section 378-2 and Hawaii public policy.  [Id. at ¶¶ 46-57.]  Plaintiffs also allege that Defendants Shook and Erwin were "agents" of UAL and "aided and abetted" in the enforcement of UAL's minimum work schedule.  [Id. at ¶¶ 52, 56.]  Plaintiffs seek certification of

2

their case as a class action on behalf of themselves and other similarly situated plaintiffs.

On April 6, 2009, Defendants removed this action and contend that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. 1332(a) and jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332 (d)(2).  In their Notice of Removal, Defendants assert that the requirements of CAFA are satisfied because minimal diversity exists, the amount in controversy exceeds $5 million, and the putative plaintiff class includes at least 100 members.  In support of their assertion that CAFA requirements have been satisfied, Defendants rely on statements made by Plaintiffs and others in a pending federal class action, <u>Equal Employment Opportunity Commission v. United Airlines, Inc.</u>, Case No. C06-01407 TSZ (W.D. Wash.) (the "EEOC case").  Defendants also assert complete diversity pursuant to section 1332(a)(1) on the basis that Plaintiffs fraudulently joined Shook and Erwin to destroy diversity jurisdiction.

In the instant Motion, Plaintiffs contend that Defendants have failed to establish original jurisdiction under CAFA.  Plaintiffs argue that Defendants have not met their burden of proving to a "legal certainty" that the amount in controversy exceeds $5 million and that the class consists of 100 or more plaintiffs.  According to the Plaintiffs, the Defendants reliance

on evidence from the EEOC case is insufficient to establish compliance with CAFA under the "legal certainty" standard.  They note that the EEOC case only includes claims under the Americans With Disabilities Act ("ADA"), unlike this case, which consists of claims under Hawaii law.  The EEOC case encompasses a national class of more than 100 members, while this case encompasses only plaintiffs employed by UAL that were subject to the minimum work schedule in Hawaii.

Plaintiffs also claim that Shook and Erwin were not fraudulently joined.  They claim that the Hawaii Civil Rights Act provides for individual liability for aiding and abetting forbidden discriminatory practices.  Plaintiffs note that they have alleged that Shook and Erwin "aided and abetted implementation" of "UAL's unlawful discrimination" and "UAL's violation of Hawaii public policy."  Plaintiffs argue that because the Complaint states claims for relief against Erwin and Shook, absolute diversity is lacking.  Plaintiffs contend that the Defendants did not have an objectively reasonable basis for removal and ask the Court for award of the fees and costs they incurred defending this Motion.

In its opposition, Defendants argue that the distinction Plaintiffs draw between the EEOC case and the instant action is immaterial.  Defendants argue that the Plaintiffs are alleging the same conduct in both cases, and the classes in both

cases are defined in a substantially similar matter.
Accordingly, Defendants' reliance on the evidence in the EEOC
case is proper and sufficient to establish the CAFA requirements
to a legal certainty, thus invoking this Court's original
jurisdiction under 28 U.S.C. section 1332(d)(2).

Defendants also claim that Plaintiffs failed to
adequately allege an "aiding and abetting" claim against Shook
and Erwin because Plaintiffs did not identify any specific acts
taken by them to aid and abet the alleged discrimination.
Further, Plaintiffs public policy claims cannot be sustained
because a claim for violation of public policy cannot be brought
when the policy at issue is already embodied in a statute
providing its own remedial scheme.  And, to the extent that
Defendants are claiming that Shook and Erwin are liable as UAL's
agents, Plaintiffs contend that such argument is foreclosed by
Lum v. Kauai County Council, Civ. No. 06-00068, 2007 WL 3408003
(D. Haw. Nov. 9, 2007).

## DISCUSSION

Defendants removed the instant case pursuant to 28
U.S.C. sections 1332(a), 1332(d)(2) and 1441(a).  [Notice of
Removal at 2.]  Section 1441 provides, in pertinent part:

> (a) Except as otherwise expressly provided by
> Act of Congress, any civil action brought in a
> State court of which the district courts of the
> United States have original jurisdiction, may be
> removed by the defendant or the defendants, to the
> district court of the United States for the

5

district and division embracing the place where
such action is pending. . . .

28 U.S.C. § 1441 (a).  Section 1441 is strictly construed against
removal and courts resolve any doubts about the propriety of
removal in favor of remanding the case to state court.  See
Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir.
2006).  The party seeking to remove the case bears the burden of
establishing the existence of federal jurisdiction.  See
California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838
(9th Cir. 2004).

## I.   Diversity Jurisdiction

Defendants asserted diversity jurisdiction as one of
the bases of removal.  Federal district courts have original
jurisdiction over cases where the amount in controversy exceeds
$75,000, exclusive of interest and costs, and where the matter in
controversy is between citizens of different states.  See 28
U.S.C. § 1332(a)(1).  Based on the claims set forth in the
Complaint and Plaintiffs' request for class certification, the
amount in controversy undoubtedly exceeds $75,000.  Therefore,
the Court FINDS that Defendants have satisfied the amount in
controversy requirement.

Complete diversity of citizenship between Plaintiffs
and Defendants is disputed.  Plaintiffs Lovell and Sullivan are
Hawai`i residents.  [Complaint at ¶ 1.]  Defendants Shook and
Erwin are residents of Hawai`i [Id. at ¶¶ 7-8], and, Defendant

6

UAL is a citizen of Illinois.[1]  [Notice of Removal at 4.]  Thus, as alleged, there is a lack of complete diversity of citizenship among the parties.

Defendants, however, contend that Shook and Erwin were purposefully joined in this action to avoid diversity jurisdiction of the Court.  "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)) (internal quotation marks and brackets omitted).  Fraudulent joinder is a term of art and does not require an ill motive.  McCabe, 811 F.2d at 1339.  A defendant is entitled to present facts showing that the joinder is fraudulent.  Morris, 236 F.3d at 1067.  There is a general presumption against fraudulent joinder.  Hamilton Materials Inc., v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  Accordingly, fraudulent joinder must be proven by clear and convincing evidence.  Id.

Plaintiffs assert that Defendants Shook and Erwin

---

[1] Plaintiffs do not dispute that UAL is a resident of the State of Illinois.

"aided and abetted" in UAL's alleged discriminatory work schedule policy by implementing such policy with respect to Plaintiffs. [Complaint at ¶¶ 26, 35, 52.]  Under Hawaii Revised Statutes section 378-2, it is an unlawful discriminatory practice "[f]or any person whether an employer, employee, or not, to aid, abet, incite, compel, or coerce the doing of any of the discriminatory practices forbidden by this part, or to attempt to do so."  Haw. Rev. Stat. § 378-2(3).  The Court notes, however, that Plaintiffs fail to allege in the Complaint what actions, if any, Defendants Shook or Erwin took to "aid and abet" UAL in the alleged discriminatory conduct.  For instance, Plaintiffs do not allege that Defendants Shook or Erwin participated in, provided input or assisted in any manner in creating, developing or formulating UAL's minimum work schedule policy.[2]  Without more, Plaintiffs are unable to establish that Defendants Shook and Erwin are liable under Hawaii Revised Statutes section 378-2(3).  See Lum v. Kauai County Council, Civ. No. 06-00068, 2007 WL 3408003 at *15 (D. Haw. Nov. 9, 2007); Lavarias v. O'Kakoa, Civ. No. 06-00068, 2006 WL 3422256 *2 (D. Haw. Nov. 28, 2006).

The evidence submitted by Plaintiffs in support of the

---

[2] Notably, the personal declarations of Plaintiffs Lovell and Sullivan submitted in support of their motion for class certification in the state action are void of any statement that Defendants Shook and Erwin engaged in any discriminatory conduct or even reference them at all.  [Mem. in Supp. of Motion, Exhs. 1-2 to Decl. of Carl Varady, Esq.]

8

Motion is unavailing.  If anything, the evidence indicates that
actions taken by Defendants Shook and Erwin were limited to
preparing and implementing the notification process by which UAL
would begin notifying its employees of the minimum work schedule
policy.[3]  Defendant Erwin, for example, was tasked with sending
out notifications of the minimum work schedule policy to affected
employees located at UAL's Hawaii call center.  The Court is not
convinced that Plaintiffs will be able to hang liability on
Defendants Shook and Erwin under Hawaii Revised Statutes section
378-2(3) for steps they took to notify Plaintiffs of the minimum
work schedule policy set by Defendant UAL.

        Plaintiffs also appear to claim that, in addition to
liability for aiding and abetting, Defendants Shook and Erwin are
individually liable as "agents" of Defendant UAL for the alleged
discriminatory conduct.  To the extent Plaintiffs are so
claiming, the Court hereby adopts the reasoning set forth in Lum
and finds that liability under Hawaii Revised Statutes section
378-2 does not extend to Defendants Shook and Erwin because they
do not meet the definition of "employer" or agents of an
"employer" as contemplated by that statute.  Lum, 2007 WL 3408003

-------

[3] The minimum work schedule policy had apparently "long
existed" prior to its alleged enforcement in or about March 2003.
[Reply Mem. in Supp. of Motion, Exh. 6 at 32:21-23 (partial
deposition transcript of Anthony Bedalov) to Decl. of Carl
Varady, Esq.]

at *2-13.[4]  Therefore, Plaintiffs joinder of Defendants Shook and
Erwin on the basis that they aided and abetted discriminatory
conduct or that they were agents of Defendant UAL with respect to
the alleged discriminatory conduct, does not defeat complete
diversity of citizenship in this action.

        Neither is complete diversity of citizenship broken by
Plaintiffs' claim that Defendants Shook and Erwin violated public
policy.  Hawaii courts recognize an exception to the doctrine of
at-will employment, namely that "an employer may be held liable
in tort where his discharge of an employee violates a clear
mandate of public policy."  Parnar v. Americana Hotels, 65 Haw.
370, 380, 652 P.2d 625, 631 (1982).  However, a party may not
bring a public policy claim "where the policy sought to be
vindicated is already embodied in a statute providing its own
remedy for its violation."  Ross v. Stouffer Hotel Co., 76 Haw.
454, 464, 879 P.2d 1037, 1047 (1994).  Here, the policy
Plaintiffs seek to vindicate – that it is unlawful to
discriminate against Plaintiffs on the basis of their disability
– is wholly embodied in Hawaii Revised Statutes section 378-2
which clearly provides a remedy to Plaintiffs for the violation

_____

    [4] While the Court recognizes there is a split in this
district regarding whether liability extends to employees, or
agents that do not otherwise employ any employees, for a general
violation of Hawaii Revised Statutes section 378-2, the Court
notes that the issue has been well discussed and that it need not
join that discussion other than to indicate its adoption of the
reasoning and holding set forth in Lum, supra.

10

of that policy.  Accordingly, Plaintiffs' claim for violation of public policy does not defeat diversity jurisdiction in this case.

## II.  **Original Jurisdiction Under CAFA**

Defendants invoke this Court's original jurisdiction under 28 U.S.C. section 1332(d).  As amended by CAFA, 28 U.S.C. § 1332(d) grants federal district courts original jurisdiction over civil actions in which, among other things, (1) minimal diversity exists; (2) the proposed plaintiff class includes 100 or more members; and (3) the amount in controversy exceeds $5 million, exclusive of interests and costs.  28 U.S.C. § 1332(d).  The proponent of federal jurisdiction bears the burden of establishing removal jurisdiction.  Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006).

Where a plaintiff alleges an amount in controversy less than $5 million, the defendant must prove with legal certainty that the amount in controversy required by the Class Action Fairness Act is met.[5]  Lowdermilk v. United States Bank Nat'l Assoc., 479 F.3d 994, 998-999 (9th Cir. 2007).  If attorneys' fees are statutorily authorized, they may be included in the amount in controversy.  Id. at 1000.

_____

[5] Plaintiffs specifically disclaim federal jurisdiction in the Complaint and allege that there are less than 100 potential plaintiffs and the amount in controversy is less than $5 Million. [Complaint at ¶¶ 42-45.]

Here, the parties dispute whether this case satisfies the following two CAFA requirements: (1) the proposed class must include at least 100 members; and (2) the amount in controversy must exceed $5 million.  The Court notes that both Plaintiffs and Defendants have submitted evidence in support of their positions. The Court, however, need not address this issue as it has already found that there is complete diversity of citizenship in this case.  In the event that the district judge should see fit to overrule this finding, then the Court recommends that an evidentiary hearing be held to determine whether the district court has original jurisdiction over this action under 28 U.S.C. section 1332(d).  <u>See Lowdermilk</u>, 479 F.3d at 1000.

<u>CONCLUSION</u>

On the basis of the foregoing, this Court FINDS and RECOMMENDS that Plaintiffs' Motion for Remand to State Court, filed on April 8, 2009, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, August 18, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

<u>LOVELL, ET AL., V. UNITED AIRLINES, ET AL.,</u> CIVIL NO.09-00146 ACK-LEK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR REMAND TO STATE COURT